(After stating the case.) This petition is founded on the Act of 1796, of this State, authorizing the correction of errors in grants. In deciding upon the case it therefore becomes the duty of the Court to see, first, that the errors stated in the petition are such as the act authorizes the Court to examine and certify, for the purpose of being corrected; and in the second place, to ascertain that the evidence offered supports or proves the allegations made in the petition; and unless the Court are satisfied on both these points in favor of the petitioners, it is my opinion they can not, under the Act, direct the necessary certificate to be made out, to authorize the correction of the errors complained of. The petition, in this case, states very explicitly that the errors complained of were committed by the secretary of North Carolina, in making out and issuing a grant to Thomas Cotton No. 246; and states at length the courses of said grant in its present form, and also the courses it would have if corrected as prayed for, and as it is alleged the survey was originally made; which would cover a tract of land entirely different from that now included in the lines of the grant; and the prayer is to *Page 8 
have the courses of this grant, No. 246, so altered as to cover the land, which it is alleged was originally surveyed for the said Cotton.
There can, therefore, be no doubt as to the object of the petition. It is also stated in the petition that grant No. 2,512 issued to Thomas Cotton, covers the same land with grant No. 246; but it is not alleged that any error was committed in issuing grant No. 2,512. It is also stated that two entries were made in the name of Thomas Cotton, one of which covers the land now in dispute. This statement does not seem materially to affect the case.
The evidence offered in support of the petition consists of the copies of two grants, No. 246 and 2,512, on military warrants, with the plats and certificates of survey; also copies of two entries and a plat of survey, showing the situation of Foreman's claim and the two adjoining tracts to the east. It is further stated to have been proved by Buchannon, the surveyor of the two tracts lying to the east of Foreman's tract, that a survey was actually made in April, 1785, for said Cotton, to adjoin Foreman's claim on the east; that the said Buchannon, soon after, returned duplicates of the survey to the office of the surveyor-general, and also returned duplicate plats, to adjoin the other plat of Cotton, still to the east, on warrant No. 874: That the duplicate plats now adduced in Court are the same plats which he returned, and intended as a survey for Cotton, to adjoin Foreman's claim to the east; and Buchannon now believes there was a blank left in the plats, of the number of the warrant, as was usual, c. for the surveyor-general to fill up, c. and make it answer the entry, c. [Here follows the evidence as stated before.]
This is the substance of the evidence in support of the petition, and it is contended by the counsel for the petitioners that they are entitled to relief; that they have become injured by a mistake committed by some person, an officer of government, without their fault; that such mistake is proved by the evidence, and that the Court ought to overlook any informality *Page 9 
in drawing the petition. Though it does not seem to be seriously contended that the proof corresponds with the allegations in the petition. It may be proper here to observe that it is not deemed necessary in this case to decide whether the facts stated in the petition would, if supported by evidence, entitle the party to relief. That question not being made, and there appearing sufficient ground upon which to dispose of the case, without bringing that point into view, we shall decide upon those grounds.
The counsel opposed to the petition stated several objections to granting the relief prayed for by the petitioners, which, so far as is deemed necessary, will be noticed in the order they were made.
The first objection made is, that it does not appear to have been proved that the petitioners are the heirs of Thomas Cotton, the grantee, and as such entitled to make this application: and it is insisted that in this case especially, which may be regarded as an ex parte proceeding, as the opposite party can have no plea or answer, everything ought to be proved by the petitioners, necessary to show that they are entitled to the relief prayed for by them; and that nothing ought to be presumed in their favor to have been proved, which does not appear of record. It is contended on the other side that this point ought to be considered as admitted, as no objections were made at the trial below for the want of such proof. It is not considered necessary to decide this point in the present case; and therefore I do not design to give any opinion on the question, whether it was necessary for the petitioners to produce evidence to prove that they were heirs as stated in the petition; or whether, in case no such proof was adduced, it was incumbent on the opposite party, in order to enable him to take advantage of such defect of evidence, to have objected to proceeding further, for want of such evidence; and if the Court overruled such objection, to except to the opinion, and have that point, thus stated on the record and brought before this Court in that way, before they would decide upon it. These questions *Page 10 
may merit consideration when their decision becomes necessary.
The second objection is, that the error made out by the evidence, if any, is shown to have been made in the grant No. 2,512, and not in the grant No. 246 as stated in the petition; and that therefore the evidence does not support the allegations set forth in the petition. And the third objection is immediately connected with the second, being that the petition states the error to have been committed by the secretary of North Carolina in issuing the grant No. 246, whereas the evidence shows, so far as it proves any error to have been committed, that it was by the deputy surveyor in making out the plats on which issued grant No. 2.512, or by the surveyor-general in giving the courses for that purpose, or in detaining the original plats in his office and not forwarding them to the secretary; and that on this account, also, the evidence does not support the statement in the petition. It was also stated that a mistake made, or error committed, by the secretary, could only be proved or made out by the plat and certificate, and not by parol proof, as was attempted in this case.
Upon examining the petition it is believed no reasonable doubt can exist on the mind of any man that the errors complained of are, as already stated, alleged explicitly to have been committed by the secretary of North Carolina, in issuing grant No. 246 to Thomas Cotton; and that the prayer is to have the courses of said grant corrected; and that there is not any allegation in the petition of any error committed by the surveyor in making out the plats upon which either of said grants issued, or of any error committed by any person in making out and issuing grant No. 2,512. Upon examining the evidence contained in the bill of exceptions in this case, there is not the slightest circumstance to show that the secretary committed any error whatever in issuing the grants in question, and so far as that evidence proves any error to have been committed, it shows unquestionably that it must have been committed either by the surveyor-general or the deputy surveyor, or by both, *Page 11 
and it is also equally clear that the principal error proved was committed in making out the plats, or in obtaining the notes by which they were made out, and upon which grant No. 2,512 issued. The necessary conclusion from these premises is, that the evidence adduced does not support the allegations contained in the petition; and that the two objections last mentioned are well founded. It is also believed that in most cases, if not all, errors committed by the secretary in issuing a grant would and ought to be proved by the plat and certificate of survey upon which such grant issued, and not by parol testimony. It is my opinion the Court can only regard such evidence as goes to prove the facts stated in the petition, and ought to reject any other evidence offered as incompetent. The act of Assembly requires the Court to direct their clerk to certify such facts as appears to be proved, c., and it would appear extraordinary, if not absurd, that the Court should order their clerk to certify facts to have been proved which the party had not alleged or stated in the petition. It can hardly be seriously contended that this would be correct. It is therefore my opinion that the judgment of the Circuit Court be affirmed.